IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEYON HAYWOOD, No. R58464, ) | |
| CORYELL HENZ, No. K96695, ) | |
| BRYAN THOMAS, No. B12763, ) | |
| DAVID MAYORGA, No. M41991, and ) | |
| LAMONT NORWOOD, No. B59125, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 14-cv-01027-JPG |
| ) | |
| S.A GODINEZ, ) | |
| THOMAS SPILLER, ) | |
| TERRI BRYANT, ) | |
| UNKNOWN PARTY, and ) | |
| SHERRY BENTON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiffs Seyon Haywood, Coryell Henz, Bryan Thomas, David Mayorga and Lamont Norwood, inmates in Pinckneyville Correctional Center, bring this proposed class action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983, based on the allegedly inadequate nutrition provided to inmates at Pinckneyville.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, the meals served at Pinckneyville are comprised of small portions of food that do not provide adequate nutrition. The prison has also switched from serving three meals per day to serving only two meals—which officials have falsely touted to the press as being favored by the inmates. The named plaintiffs and other inmates at Pinckneyville have suffered weight loss, headaches, dizziness, difficulty functioning and sleep loss. Plaintiffs contend that the Illinois Department of Corrections ("IDOC") is trying to save millions of dollars at the expense of their health.

Suit is brought against IDOC Director S.A. Godinez, the unnamed IDOC Food Service Administrator, Pinckneyville Warden Thomas Spiller, Pinckneyville Dietary Manager Terri Bryant, and IDOC Administrative Review Board member Sherry Benton. Defendants are sued in their individual capacities. The complaint asserts that each defendant had "direct knowledge" of the situation.

It is alleged that each of the five defendants violated the Eighth Amendment. It is further alleged that IDOC Director S.A. Godinez violated Plaintiffs' Fourteenth Amendment right to due process because Plaintiffs' grievances were denied based upon the assurances of Warden Spiller and Dietary Manager Bryant that "administrative criteria & menus" were being followed. However, in response to a Freedom of Information Act inquiry, the IDOC stated that it does not have records reflecting how master menus conform to nutritional guidelines, or any other nutritional analysis of the menus (*see* Doc. 1-1, pp. 14-15). Master menus, however, do reflect the portion size for each food item that is served (*see* Doc. 1-1, pp. 19-24).

A Fourteenth Amendment due process claim is also asserted against Pinckneyville Dietary Manager Terri Bryant for making false statements to the news media, stating that inmates agreed to the two-meal plan, and falsifying documents in order to implement the two-meal plan. Plaintiffs, inmate Haywood in particular, contend that they did not agree or favor a two-meal plan, which violates an inmate's rights under Department of Justice edicts requiring three meals per day with no more than 14 hours between the evening meal and breakfast (*see* Doc. 1-1, p. 18).

Class certification is requested, and injunctive relief and monetary damages are sought.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

>  **Count 1: All Defendants were deliberately indifferent to Plaintiffs' health when they acted or failed to act resulting in inmates being afforded inadequate nutrition, in violation of the Eighth Amendment;**

> **Count 2:** Defendant IDOC Director S.A. Godinez violated Plaintiffs' Fourteenth Amendment right to due process by denying Plaintiffs' grievances regarding the food based upon false information; and
>
> **Count 3:** Defendant Pinckneyville Dietary Manager Terri Bryant violated Plaintiffs' Fourteenth Amendment right to due process by making false statements to the news media and falsifying documents in order to implement the two-meal plan.

## Discussion

### *The Plaintiffs*

As a preliminary matter, the complaint is problematic because it is signed only by Plaintiff Seyon Haywood, not by all named plaintiffs. Although several affidavits by other named plaintiffs are attached to the complaint, that does not equate with signing the complaint. Whether Haywood has taken it upon himself to file an action on behalf of the others remains to be seen.

Haywood is proceeding *pro se* and he has moved for pauper status based on his own lack of funds (*see* Docs. 3, 9). Haywood is not an attorney. Federal Rule of Civil Procedure 11(a) requires each party or his attorney to sign the complaint and all other pleadings. Although individuals may represent themselves in federal court, *pro se* litigants and non-lawyers cannot represent other individuals or corporations. *Nocula v. Tooling Systems International Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) ("corporations cannot appear *pro se*, and one *pro se* litigant cannot represent another") (citations omitted). Therefore, Haywood cannot proceed as though he is representing the other four named plaintiffs, let alone all inmates at Pinckneyville.

Not only must each plaintiff sign the complaint, each must also pay the $400 filing fee ($350 for those granted pauper status). *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004). Each plaintiff's individual obligation to pay the filing fee for this action was,

theoretically, incurred at the time the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). However, because the complaint was signed only by Plaintiff Haywood, the filing fee will not automatically be assessed against each plaintiff. Rather, only Haywood is deemed liable for the fee at this point in time. Consequently, the other four plaintiffs must be dismissed and their respective motions for pauper status (Docs. 7, 8) denied as moot.

Insofar as the complaint indicates that a class action is contemplated, and a motion for certification (Doc. 4) has been filed in accordance with Federal Rule of Civil Procedure 23 and Local Rule 23.1, at this juncture, the complaint is considered to present only Plaintiff Haywood's individual claims.

*Count 1*

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). More specifically, the Eighth Amendment requires prison officials to provide adequate food to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). *See also Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008). Only being served two meals per day on a regular basis may satisfy the Eighth Amendment, depending upon how much food and nutrition is provided. *See Jones v. Illinois Department of Corrections*, 684 F.3d 667 (7th Cir. 2012) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). Therefore, the Eighth Amendment is implicated insofar as

Plaintiff may be provided inadequate nutrition due to insufficient portions or the type of food served.

The fact that the United States Department of Justice may require three meals, or no longer than 14 hours between dinner and breakfast, is not dispositive. The mere violation of a Department of Justice edict does not violate the Constitution. Therefore, the Department of Justice standards serve only as evidence of what should be provided, not as a basis of an actionable constitutional claim.

There is also a subjective aspect to an Eighth Amendment claim. Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Furthermore, because Section 1983 creates a cause of action based on personal liability and predicated upon fault, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835. Rather, the corrections official must have acted with the equivalent of criminal recklessness. *Id*. at 836–37.

Because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Allegations that senior officials were personally responsible for

creating the policies, practices and customs that caused a constitutional deprivation can, however, suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002).

Looking at the allegations regarding each of the five defendants, at this juncture, because all allegations must be taken as true, it appears that sufficient personal involvement has been pleaded.

Count 1 shall proceed against all five named defendants.

***Count 2***

Count 2 alleges that IDOC Director S.A. Godinez violated Plaintiff's Fourteenth Amendment right to due process by denying *Plaintiffs'* grievances regarding the food based upon false information. Because the complaint was drafted relative to multiple plaintiffs, the Court must contemplate whether this claim is adequately pleaded with respect to Plaintiff Haywood. A review of the documentation attached to the complaint reveals that Haywood filed two grievances (*see* Doc. 1-1, pp. 5-8). Whether Director Godinez had any involvement with those grievances is not apparent. Nevertheless, Count 2 does not state a colorable constitutional claim.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir.1982). For example, failure to respond to Plaintiff's multiple grievances is not an independent constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011).

Any attempt to present the inadequate nutrition claim under the guise of a Fourteenth Amendment due process claim is merely attaching an additional label to a single Eighth Amendment claim.  The Court analyzes similar claims under the most "explicit source[s] of constitutional protection." *Graham v. Connor,* 490 U.S. 386, 395 (1989); e.g., *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels").

Count 2 will be dismissed with prejudice.

***Count 3***

It is alleged in Count 3 that Defendant Pinckneyville Dietary Manager Terri Bryant violated Plaintiffs' Fourteenth Amendment right to due process by making false statements to the news media and falsifying documents in order to implement the two-meal plan.  The referenced documents apparently are the documents Bryant referenced or relied upon when she responded to grievances (*see* Doc 1-1, p. 3).  Bryant  reported to prison officials that the meals served meet IDOC guidelines and track the IDOC master menu, neither of which may even exit.

" '[T]o determine whether due process requirements apply in the first place' courts 'must look to see if the interest is within the Fourteenth Amendment's protection of liberty and property.' *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 570–71, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *see also Citizens Health Corp. v. Sebelius,* 725 F.3d 687, 694 (7th Cir.2013)." *Kvapil v. Chippewa County, Wis*., 752 F.3d 708, 712 -713 (7th Cir. 2014).

Plaintiff has no liberty or property interest in having Dietary Manager Bryant speak truthfully to the press.  And, it is axiomatic that there is no right to have prisons run based on the consent of each inmate or by any democratic means.

Although Plaintiff arguably has a protected liberty interest in having Bryant not deprive him of adequate nutrition based upon falsified documents and assertions, such a claim is dependent upon the underlying Eighth Amendment violation, the denial of adequate nutrition by deliberate indifference. Therefore, Court 3 is another attempt to attach a second constitutional label to the Eighth Amendment claim proceeding in Count 1. Consistent with *Graham v. Connor*, 490 U.S. 386, 395 (1989), and *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005)—cited above—Count 3 will be dismissed with prejudice.

### Pending Motions

*Pauper Status*

As already noted, the motions of those plaintiffs who did not sign the complaint (Docs. 7, 8) will be denied as moot.

Plaintiff Haywood's two motions for leave to proceed *in forma pauperis* (Docs. 3, 9) will be decided by separate order. However, for purposes of determining how service of process shall proceed, the Court observes that Haywood appears to qualify for pauper status, so service of summons and the complaint will be effected at government expense. *See* 28 U.S.C. § 1915(d).

*Class Certification*

Plaintiff's motion for class certification (Doc. 4) will be referred to a magistrate judge for consideration and the motion shall proceed in accordance with Local Rule 23.1 and the direction of the magistrate judge.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiffs **CORYELL HENZ, BRYAN THOMAS, DAVID MAYORGA and LAMONT NORWOOD** are **DISMISSED**

**without prejudice** and their respective motions for pauper status (Docs. 7, 8) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that **COUNT 1** shall **PROCEED** against all five named defendants; **COUNT 2**, the due process claim against S.A. Godinez, is **DISMISSED** with prejudice; and **COUNT 3**, the due process claim against Dietary Manager Terri Bryant, is **DISMISSED** with prejudice.

The Clerk of Court shall prepare for Defendants **S.A. GODINEZ, THOMAS SPILLER, TERRI BRYANT, and SHERRY BENTON**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

Service shall not be made upon the **UNKNOWN PARTY**, the unnamed IDOC Food Service Administrator, until such time as Plaintiff has identified that defendant by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address

shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including consideration of Plaintiff's motion for class certification (Doc. 4).  However, the district court will determine Plaintiff's motion(s) for pauper status (Docs. 3, 9).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 22, 2014**

<u>s/J. Phil Gilbert</u><br>**United States District Judge**