IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SEYON HAYWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-1027-SMY-DGW |
| | ) | |
| S.A. GODINEZ, GLADYSE C. TAYLOR, | ) | |
| THOMAS SPILLER, TERRI BRYANT, | ) | |
| SUZANN GRISWOLD, and SHERRY | ) | |
| BENTON, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Staci M. Yandle pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants Sherry Benton, Terri Bryant, Salvador Godinez, and Thomas Spiller (Doc. 96) be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Seyon Haywood, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Big Muddy Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was

incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff has brought suit against S.A. Godinez, the former Director of the IDOC, Gladyse C. Taylor, the Acting Director of the IDOC, Thomas Spiller, the Pinckneyville Warden, Terri Bryant, the Pinckneyville Dietary Manager, Sherry Benton, an IDOC Administrative Review Board member, and Suzann Griswold, the IDOC Food Service Administrator. In particular, Plaintiff alleges that Defendants were deliberately indifferent to his health in failing to provide adequate nutrition, in violation of the Eighth Amendment. More specifically, Plaintiff complains that Pinckneyville's provision of only two meals per day consisting of small portions is inadequate and has caused him to suffer various physical and mental ailments.

Defendants Benton, Bryant, Godinez, and Spiller initially filed a motion for summary judgment on the issue of exhaustion on February 27, 2015; however, that motion was denied without prejudice on April 8, 2015 following the appointment of Attorney D. Todd Matthews to represent Plaintiff in this matter (*see* Doc. 74).

Following a status conference with the parties on July 2, 2015, the Court set the deadline for filing dispositive motions on the issue of exhaustion of administrative remedies for August 31, 2015 (*see* Doc. 94). Accordingly, on August 31, 2015, Defendants Benton, Bryant, Godinez, and Spiller again filed a motion for summary judgment on the issue of exhaustion (Doc. 96). Said motion is now pending before the Court. In support of their motion, Defendants assert that Plaintiff only filed one grievance complaining about nutritionally inadequate meals while at Pinckneyville. Defendants contend that said grievance was dated August 27, 2014. Defendants' motion makes contradictory statements concerning the disposition of said grievance. However, Defendants were granted leave to supplement their motion for summary judgment on March 31,

2016 (Doc. 115). In accordance with the Court's Order granting Defendants leave to supplement, Defendants filed additional exhibits that indicate the August 27, 2014 grievance was returned to Plaintiff from the ARB on April 9, 2015 and rejected due to Plaintiff's failure to submit the grievance in the timeframe outlined in Department Rule 504 (*see* Doc. 116-2, p. 1).

Plaintiff timely responded to Defendants' motion for summary judgment on October 19, 2015 (Doc. 103). Plaintiff did not respond to Defendants' supplemental exhibits filed on April 6, 2016. In his response, Plaintiff asserted he filed an emergency grievance concerning the "brunch program" at Pinckneyville on May 13, 2014, to which he never received a response. Plaintiff also asserted he filed a second emergency grievance on May 26, 2014 that was returned on July 21, 2014 indicating that an emergency was not substantiated. Plaintiff avers he appealed this decision to the ARB on August 11, 2014, but he never received any response. Plaintiff attached copies of his May 13 and May 26, 2014 grievances to both his complaint and his response to Defendants' motion for summary judgment (*see* Docs. 1 and 103).

### *Pavey Hearing*

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on February 22, 2016. At the hearing, Plaintiff testified to the assertions made in his response and provided additional explanation regarding his efforts to exhaust his May 13 and May 26, 2014 grievances. In particular, Plaintiff testified that he arrived at Pinckneyville in May, 2014 and was immediately placed in segregation. On May 13, 2014, while in segregation, he placed his emergency grievance in the cell door and saw a correctional officer retrieve the grievance. At that point, the grievance was out of Plaintiff's control and he never received any response or follow-up concerning this grievance. Subsequently, on May 26,

2014, Plaintiff submitted a second emergency grievance complaining about inadequate nutrition at Pinckneyville. Plaintiff received a response from the Warden on July 21, 2014 indicating an emergency was not substantiated. Plaintiff testified that when he was released from segregation on August 11, 2014 he made copies of this grievance and sent it to the ARB. Plaintiff indicated he never received a response from the ARB concerning this grievance.

With regard to his August 27, 2014 grievance, Plaintiff testified that he received a response from the ARB on October 9, 2014.

In response to Plaintiff's testimony, Defendants argued that the May, 2014 grievances, if filed, would be insufficient to exhaust Plaintiff's administrative remedies as his later grievance filed on August 27, 2014 did receive a response. In support of this argument, Defendants cited to *Lewis v. Washington*, 300 F.3d 829 (7th Cir. 2002).

### CONCLUSIONS OF LAW

*Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a

matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires

proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. §504.810(b). The grievance form shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of the complaint. *Id.* § 504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed, where reasonably feasible under the circumstances. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the Administrative Review Board. *See*

*Id.* The Administrative Review Board shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id.* § 504.850(f).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840. If, after receiving a response from the CAO, an offender feels that the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id.* § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

*Discussion*

Based on the evidence adduced and arguments made at the hearing, it is recommended that the Court find Plaintiff exhausted his administrative remedies as to Defendants Benton, Bryant, Godinez, and Spiller prior to filing this lawsuit.

The Court finds Plaintiff's assertions regarding his attempts to file an emergency grievance on both May 13 and May 26, 2014 credible. In particular, the Court notes that Plaintiff submitted copies of these grievances with his complaint in this matter that was filed on September 24, 2014. Therefore, it is apparent that Plaintiff did not fabricate said grievances in order to overcome Defendants' motion. Moreover, a review of the records submitted by Defendants in this case demonstrates that their record-keeping procedure can be described as limited, at best. Further, Defendants have not provided any evidence to contradict Plaintiff's assertion that he attempted to file a grievance on both May 13 and May 26, 2014, but was thwarted in his attempts to fully exhaust due to the non-responsiveness of either the institution or the ARB.

Finally, the Court notes Defendants' argument concerning *Lewis v. Washington*, 300 F.3d 829 is unavailing. As asserted at the hearing, Defendants rely on *Lewis* for the proposition that because Plaintiff received a response from the ARB on a subsequent grievance, even if the Court found that he had previously attempted to file grievances concerning the same subject matter to no avail, his administrative remedies were available and he was required to fully exhaust his August 27, 2014 grievance, but failed to do so. Accepting Defendants' argument in this instance would be a stark injustice. Importantly, while the Court acknowledges that the ARB did respond to Plaintiff's August 27, 2014 grievance (albeit six months after receiving the

Page **8** of **10**

grievance), said response merely rejected the grievance because it was not submitted in the timeframe outlined in Department Rule 504. More specifically, this grievance was denied because it was submitted at Pinckneyville more than sixty days after Plaintiff had arrived and began receiving only two meals a day by way of the "brunch program." The ARB made such determination without the knowledge that Plaintiff had previously attempted to grieve this issue within the sixty day timeframe. More importantly, if the Court were to accept Defendants' argument, Plaintiff would have no avenue in which to exhaust his administrative remedies as his timely grievances never received any response and any subsequent grievances would be denied for failure to submit within the proper timeframe. For this reason, the Court rejects Defendants' argument concerning *Lewis v. Washington* and finds that Plaintiff attempted to exhaust his administrative remedies in May, 2014, but the process was unavailable to him.

### RECOMMENDATIONS

Based on the foregoing, it is hereby **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants Sherry Benton, Terri Bryant, Salvador Godinez, and Thomas Spiller (Doc. 96) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

DATED: May 11, 2016

**DONALD G. WILKERSON**
**United States Magistrate Judge**